IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLE E. STOLARICK, for himself and all others similarly situated<br>*Plaintiff*<br><br>v.<br><br>KEYCORP, trading as KEYBANK, N.A, *et al.*<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 17-0593 |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    OCTOBER 17, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is the partial motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Defendant Keycorp, trading as KeyBank, N.A. ("Defendant" or "KeyBank"), which seeks the dismissal of all but one[1] of the claims asserted against it by Plaintiff Kyle E. Stolarick ("Plaintiff") based on the doctrine of *res judicata*.[2] [ECF 13]. Specifically, Defendant argues that the claims that Plaintiff now asserts against Defendant were, or should have been, litigated in a previous action before this Court captioned *Stolarick v. First Niagara Financial Group., Inc.*, Civ. A. No. 16-0296. Plaintiff opposed the motion. [ECF 17].

---

[1]     Plaintiff's current complaint at Count IV contains a claim premised on an alleged violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605(b). KeyBank has not moved to dismiss this particular RESPA claim. As such, this claim will proceed.

[2]     In its motion, KeyBank also moves for dismissal of Plaintiff's claim for the violation of the Fair Debt Collections Practices Act ("FDCPA") (Count I) on the basis that KeyBank is not a "debt collector" as defined by the FDCPA. In his response, Plaintiff has conceded that this claim is subject to dismissal. [*See* ECF 17-3 at pp. 10, 13]. Accordingly, Count I is dismissed.

The issues raised in the partial motion to dismiss have been fully briefed and are ripe for disposition.[3] For the reasons stated herein, Defendant's partial motion to dismiss is granted.

**LEGAL STANDARD**

The basis for Defendant's partial motion to dismiss rests on the doctrine of *res judicata*. "Although *res judicata* and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under [Rule] 12(b)(6)." *Walzer v. Muriel, Siebert & Co., Inc.,* 221 F. App'x. 153, 155 (3d Cir. 2007). In considering a Rule 12(b)(6) motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "Generally, to the extent that a court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment. The defense of claim preclusion [also known as *res judicata*], however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties." *Toscano v. Conn. Gen. Life Ins. Co.,* 2008 WL 2909628, at * 1 (3d Cir. July 30, 2008) (citations omitted). The ordinary requirement that a potential *res judicata* defense appear "on the face" of the underlying complaint is inapplicable where, like here, the previously litigated matter and the current matter were assigned to the same district court, and where the two comparative pleadings are matters of public record. *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 280 (3d Cir. 2016).

---

[3] This Court has also considered the parties' notices of supplemental authority. [ECF 24, 25].

**BACKGROUND**

On January 22, 2016, Plaintiff commenced an action against his mortgage lender, First Niagara Financial Group, Inc. ("First Niagara"), captioned *Stolarick v. First Niagara Financial Group, Inc.*, Civ. A. No. 16-0296 (the "Previous Litigation"), and asserted claims against First Niagara for, *inter alia*, violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692a, *et seq.*, and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Con. Stat. §201-2, *et seq*. That matter was assigned to this Court. Stolarick's claims were premised on allegations that following a successful completion of his Chapter 13 bankruptcy in August 2014, First Niagara continued to process his mortgage account as if it was not current, in default, and nonperforming, despite the account being current. Because the damages alleged were below $150,000, the matter was placed in the court's mandatory arbitration program pursuant to Local Rule of Civil Procedure 53.2 and scheduled for an arbitration hearing to be held on December 2, 2016.

Two months before the scheduled arbitration, Plaintiff filed a motion for leave to amend the complaint seeking to add class action claims and a claim for a violation of §2605 of RESPA. Plaintiff's proposed RESPA claim was premised upon First Niagara's alleged failure, as a mortgage servicer, to address requested corrections to Plaintiff's mortgage account after Plaintiff sent First Niagara a Qualified Written Request ("QWR"). By Order dated November 16, 2016, this Court denied Plaintiff's motion to amend the complaint because the correspondence attached to the proposed amended complaint did not, as a matter of law, constitute the requisite QWR for such a claim. As such, this Court found that Plaintiff's proposed amendment was futile.

On December 2, 2016, Plaintiff and First Niagara participated in the scheduled arbitration which resulted in an award of $30,000.00 in Plaintiff's favor. On January 10, 2017, a civil judgment was entered on the arbitration award and the matter was closed.

On February 8, 2017, less than a month after judgment was entered in the Previous Litigation, Plaintiff commenced the current litigation against Defendant KeyBank in which he asserts claims for violations of the FDCPA, Pennsylvania's UTPCPL, and RESPA. While Plaintiff's current complaint contains some limited facts that occurred the afternoon following the arbitration, most of the allegations therein are identical or at least similar to those alleged in the Previous Litigation. As in the Previous Litigation, Plaintiff essentially contends in the current complaint that following the successful completion of his Chapter 13 bankruptcy, KeyBank (First Niagara's successor-in-interest)[4] continued to incorrectly process Plaintiff's mortgage account as if it was not current, in default, and non-performing. (*See* Compl. at ¶30). Like Plaintiff's proposed amended complaint in the Previous Litigation, Plaintiff's current complaint alleges a RESPA claim premised upon KeyBank's alleged failure to respond to Plaintiff's QWR, in violation of 12 U.S.C. §2605(e). (*See* Compl. at ¶¶116-117).

**DISCUSSION**

In its partial motion to dismiss, Defendant KeyBank argues that Plaintiff's current claims against it (with the one exception noted) should be dismissed on the basis that these claims are precluded by the doctrine of *res judicata*. Specifically, Defendant KeyBank contends that those specific claims were previously litigated, or should have been litigated, in the Previous Litigation, which went to mandatory arbitration and was ultimately adjudicated in Plaintiff's

---

[4] According to the allegations in Plaintiff's complaint, KeyBank succeeded First Niagara by merger on July 29, 2016, more than four months ***before*** the parties' arbitration in the Previous Litigation. (Compl. at ¶14).

favor. This Court agrees that the currently challenged claims are premised on facts which existed prior to the final adjudication of the Previous Litigation, and, therefore, those claims are barred by *res judicata*.

The doctrine of *res judicata* "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979). For the doctrine of *res judicata* to apply, the following three requirements must be met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp*., 929 F.2d 960, 963 (3d Cir. 1991); *see also Mullarkey v. Tamboer (In re Mullarkey)*, 536 F.3d 215, 225 (3d Cir. 2008). In determining whether the causes of action are the same, a court must "look toward the 'essential similarity of the underlying events giving rise to the various legal claims.'" *Lubrizol*, 929 F.2d at 963 (citations omitted). Under this approach, the focus of the inquiry is "'whether the facts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same.'" *Lubrizol*, 929 F.2d at 963 (quoting *United States v. Athlone Indus., Inc*., 746 F.2d 977, 984 (3d Cir. 1984)).

*Res judicata* bars not only claims that were brought in the previous action, but also claims that could have been brought. *CoreStates Bank, N.A. v. Huls America, Inc*., 176 F.3d 187, 194 (3d Cir. 1999). This doctrine "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." *Bd. of Trustees of Trucking Employees Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992). If the three requirements for *res judicata* are present, "a claim that was or could have been raised previously

must be dismissed as precluded." *CoreStates*, 176 F.3d at 194; *see also Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990) (reiterating that *res judicata* prohibits reexamination not only of matters actually decided in prior case, but also those that parties might have, but did not, assert in the prior action).

Here, despite specious disagreement by Plaintiff, the first two requirements for *res judicata* are clearly met. The Previous Litigation involved claims by Plaintiff against his lender, First Niagara. As alleged by Plaintiff in his current complaint, Defendant KeyBank is the successor by merger to First Niagara. (*See* Comp. at ¶4, 13). As First Niagara's successor-in-interest, Defendant KeyBank is in privity with First Niagara. *See ARCO Polymers, Inc. v. Studiengesellschaft Kohle mbH*, 555 F. Supp. 547, 549-50 (E.D. Pa. 1982); *Schneler v. Zitomer*, 2015 WL 115569, at *5 (E.D. Pa. 2015). As such, the two matters involved the same parties or their privies. In addition, the Previous Litigation concluded with the entry of final judgment pursuant to Local Rule of Civil Procedure 53.2, Section 6,[5] following a mandatory arbitration. As such, the first two requirements for *res judicata* are met.

The final element requires that the subsequent lawsuit be based on the same cause of action as the previous litigation. *Lubrizol*, 929 F.2d at 963. As noted, claims which could have been raised in the earlier litigation, but were not, are also barred by *res judicata*. *CoreStates*, 176 F.3d at 194. To determine whether a claim could have been raised in a prior proceeding, the court must look to the totality of the circumstances to determine whether there is essential similarity in the underlying events of both cases. *Id.* at 200. *Res judicata* applies "even where new claims are based on newly discovered evidence, unless the evidence was either fraudulently

---

[5] Local Rule of Civil Procedure 53.2, Section 6 provides in relevant part that the "judgment so entered shall be subject to the same provisions of law, and shall have the same force and effect as a judgment of the court in a civil action, except that it shall not be the subject of appeal." L.R. 53.2 §6.

6

concealed or it could not have been discovered with due diligence." *Haefner v. N. Cornwall Twp.*, 40 F. App'x 656, 658 (3d Cir. 2002) (citing *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 86, 88 (2d Cir. 1999)).

In the Previous Litigation, Plaintiff asserted claims for violation of the FDCPA and the UTPCPL. Plaintiff's claims were premised on allegations that after Plaintiff had completed his Chapter 13 bankruptcy in August 2014, First Niagara (Defendant KeyBank's predecessor-in-interest) wrongfully placed his mortgage payments in "suspense" or otherwise misapplied them, resulting in dunning letters, late charges, and other adverse financial consequences. Plaintiff further alleged that First Niagara's conduct violated the FDCPA and constituted unfair and deceptive trade practices and conversion under Pennsylvania state law. Plaintiff had also sought leave to amend his complaint in the Previous Litigation to add a claim under RESPA, premised on First Niagara's alleged failure to respond to Plaintiff's QWRs. Plaintiff's motion for leave to amend was denied because the RESPA claim as alleged was futile.

In the current action, Plaintiff again asserts claims for violation of the FDCPA (Count I)[6] and Pennsylvania's UTCPL (Count II). A side-by-side comparison of the allegations in the two complaints with respect to the FDCPA and UTPCPL claims reveals significant, if not complete, duplication. Like the claims in the Previous Litigation, Plaintiff's current claims are primarily premised upon his allegation that since his successful completion of his Chapter 13 bankruptcy, Defendant KeyBank (successor-in-interest to First Niagara) has wrongfully processed Plaintiff's mortgage account as if in default, resulting in misapplication of payments and the assessment of late charges. (*See* Comp. at ¶30). While Plaintiff interjects some limited new facts in his current complaint with respect to an interaction he had with bank personnel on the afternoon following

---

[6] As noted above, Plaintiff has conceded that his current claim for a violation of the FDCPA (Count I) is subject to dismissal because Defendant is a "creditor" and not a "debt collector."

7

the conclusion of his arbitration, (*see* Comp. at ¶4-5), this allegation did not reveal any facts or information that was not available to him prior to the completion of the arbitration. While Plaintiff baldly contends that he discovered these new facts the afternoon following completion of the arbitration, he does not assert, much less offer, any facts to support, that Defendant KeyBank, in any way, fraudulently concealed the newly-discovered facts or that such evidence could not have previously been discovered with due diligence. *Cf., Haefner*, 40 F. App'x at 658. As such, Plaintiff's current FTCPA and UTPCPL claims are premised on the same causes of action asserted in the Previous Litigation. Therefore, the claims are barred by the doctrine of *res judicata*.

Plaintiff's current complaint also asserts a claim for the alleged violation of §2605(e) of RESPA,[7] premised on Defendant's alleged failure to respond to Plaintiff's purported QWRs. (Count IV). This RESPA claim is duplicative in almost all respects of the claim Plaintiff sought to assert in the Previous Litigation by way of an amended complaint. In the Previous Litigation, this Court denied Plaintiff's motion for leave to add this new RESPA claim because, as alleged in the proposed amended complaint, the RESPA claim was futile. In his current complaint, Plaintiff appears to rely upon the same facts underlying the RESPA claim in the proposed amended complaint. Absent from his current complaint, however, are any facts that were either unknown to Plaintiff or undiscoverable at the time of the Previous Litigation. As such, this RESPA claim is also barred by *res judicata*.

---

[7] As noted, at Count IV of Plaintiff's current complaint, Plaintiff also asserts a RESPA claim under §2605(b), premised on Defendant's alleged failure to notify Plaintiff that KeyBank's counsel, Defendant Weltman, Weinberg & Reis Co., L.P.A., was Plaintiff's new mortgage servicer. (*See* Compl. at ¶¶112-114). KeyBank does not seek dismissal of this particular RESPA claim at this time.

**CONCLUSION**

For the reasons stated herein, Defendant KeyBank's partial motion to dismiss is granted. Accordingly, Plaintiff's claims against Defendant KeyBank under the FDCPA (Count I), the UTPCPL (Count II) and §2605(e) of RESPA (Count IV) are dismissed. An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.