**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Kyle Stolarick, for himself and all others similarly situated,** | ) ) ) | Case No. 17-cv-0593 |
| **Plaintiff,** | ) ) | Judge Nitza I. Quiñones Alejandro |
| **vs.** | ) ) | |
| **KeyCorp t/a KeyBank, N.A., et al.,** | ) ) | |
| **Defendants.** | ) ) ) | |

**DEFENDANT KEYBANK, N.A.'S  MOTION FOR SANCTIONS**

## I.      INTRODUCTION

Defendant KeyBank, N.A. ("KeyBank") hereby seeks an order sanctioning counsel for Plaintiff for breaching an agreement to keep certain matters confidential. KeyBank requests that the Court order that Plaintiff's counsel refrain from discussing matters subject to confidentiality with third parties and that Plaintiff's counsel pay for the costs and attorneys' fees associated with this motion. Defendant Weltman, Weinberg & Reis Co., L.P.A. ("WWR") also joins in KeyBank's request for this Court to order that Plaintiff is prohibited from discussing confidential information in this litigation with third parties.

## II.      FACTS

On February 9, 2018, the parties held a pretrial conference with the Court. During that conference, counsel for KeyBank requested expedited briefing on the sole remaining count against it for violating the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(b) ("RESPA") for failing to file a notice of servicing transfer. Explaining to the Court that KeyBank

has always been and still is the servicer for the Plaintiff Kyle Stolarick's ("Stolarick") loan, rendering any § 2605(b) claim moot, a simple motion for summary judgment with an affidavit could be filed. Counsel for Stolarick represented to the court that if it became clear KeyBank still serviced the loan following depositions, he would dismiss the claim.

On March 14th and 15th, counsel for Stolarick took the depositions of representatives from WWR and KeyBank. At the beginning of each deposition, the parties stated, on the record, that the entire contents of the deposition/and or documents would be treated as confidential until an agreed standard protective order could be entered before the Court. Had this agreement not been in place, KeyBank would not have gone forward with the deposition, as it sought to protect its confidential information from being disclosed to the public.

Specifically, during KeyBank's deposition, the parties agreed that: "The contents of this deposition shall be treated as confidential and the parties shall have an opportunity to review any portion of the deposition that may be subject to the [anticipated] protective order ***prior to its filing or disclosure to any third parties.***" Deposition of Milan Kubat, p. 5 (emphasis added).[1] The purpose of this was a great deal of the deposition (and relevant documents) discussed confidential and propriety information relating to how KeyBank operates certain aspects of its business.

The deposition made clear the RESPA claim lacked merit because KeyBank has always been and continues to be the servicer for the Plaintiff's loan. As such, on April 10, 2018, counsel for KeyBank formally requested that the last remaining claim be dismissed within seven days via an official letter.[2]

---

[1] The page of the deposition containing this testimony is attached as Exhibit A.
[2] A copy of the letter is attached as Exhibit B.

2

On April 12, 2018, rather than respond to the letter from KeyBank, counsel for Stolarick penned a letter and sent it to over 100 attorneys via email to members of the "Members of the Eastern District Bankruptcy Bar."[3] The letter outlined the contents and discussions contained in the deposition for KeyBank, often directly quoting from the deposition transcript that the parties agreed to keep confidential until a protective order was in place. The letter accuses KeyBank's representative (who is a member of the Ohio Bar) of lying under oath and seeks evidence from the Bankruptcy Bar to establish this fact. The letter concludes by asking the members of the Bankruptcy Bar to please keep his request confidential.

On April 13, 2018, less than a day after he sent the letter to the Bankruptcy Bar, counsel for Plaintiff responded to KeyBank's letter stating he had "preliminarily determined" that the testimony was tainted or contained "a lack of forthrightness."[4] Even though his letter to the Bankruptcy Bar had been out less than 24 hours, he stated "I can assure you that my office has received validation" that Mr. Kubat's testimony was inaccurate. *Id*. It goes on to state that "if the results of our investigation are as indicated, we will be filing a Motion to Amend the Complaint to be infused with the result of our investigation…" *Id*. Finally, the letter closes by stating "that no professional with whom my office has communicated accepts [Mr. Kubat's] testimony…" *Id*.

First, Plaintiff's counsel has provided no evidence that validates his position that Mr. Kubat's testimony was inaccurate (indeed, documents produced by KeyBank show his testimony to be 100% accurate). Second, at no point did Plaintiff's counsel seek permission to or disclose that he had sent a letter to over 100 members of the Bankruptcy Bar soliciting information. Had

---

[3] One of the parties to this email forwarded it directly to an employee KeyBank. As the letter describes information subject to confidentiality, once the recently filed protective order is in place, a copy of this letter and email will be provided as Exhibit C.

[4] A copy of this letter is attached as Exhibit D.

it not been forwarded to a KeyBank employee, neither counsel for the Defendants nor this Court would be aware of its existence.

### III.    LAW AND ARGUMENT

In *Republic of Phillipines v. Westinghouse Electric Corp.*, 43 F.3d 65 (3d Cir. 1994), the Third Circuit articulated a two-step analytic framework governing a court's imposition of sanctions pursuant to both the Federal Rules of Civil Procedure and its inherent power. First, the court must consider the conduct at issue and determine why the conduct warrants sanction, taking into account any aggravating or mitigating factors that would impact the severity of the sanction. *Id.* at 74. Second, the court must "specifically consider the range of permissible sanctions" and analyze "why less severe alternatives to the sanction imposed are inadequate or inappropriate" as well as why "it has chosen any particular sanction from the range of alternatives it has identified." *Id.* (*citing Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3rd Cir. 1984)). Critically, the court must "ensure that there is an actual factual predicate for flexing its substantial muscle" in imposing sanctions, such as a finding of bad faith. *Id.*; *EEOC v. United States Steel Corp.*, 877 F. Supp. 2d 278, 288 (W.D. Pa. 2012) ("[A] finding of bad faith is usually required before inherent-power sanctions are ordered . . . .").

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 U.S. Dist. LEXIS 53849, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has held that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005).

First, KeyBank does not seek a severe sanction, such as the dismissal of this action, which will be made plain enough through a summary judgment motion. Rather, KeyBank and

WWR simply seek an order requiring Plaintiff's counsel to simply comply with already agreed upon confidentiality and cease communications with any third parties regarding confidential matters, which is common practice in civil litigation.

Second, Plaintiff's counsel's conduct is clearly willful and in bad faith. Rather than address the merits of the action, the documents produced and the testimony provided, he breached the agreed upon confidentiality and defamed a member of the Ohio bar by accusing him of lying under oath and sought outside evidence to prove this theory. How did he hope to obtain this evidence? By soliciting over 100 attorneys of the bankruptcy bar by breaching confidentiality for proof that KeyBank's employee (a member of the Ohio bar) lied under oath.

Such conduct should not be countenanced and should be sanctioned.  Compliance with discovery obligations is "not optional or negotiable; rather, the integrity of our civil ligation process requires that the parties . . ., although adversarial to one another, carry out their duties  . . . in good faith." *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 630-31 (2d Cir. 2018). As such, KeyBank, N.A., and Defendant Weltman, Weinberg & Reis Co., L.P.A., respectfully request an order prohibiting counsel for Plaintiff from discussing matters subject to confidentiality with any third parties and for its costs and attorneys' fees in preparing and filing this Motion.

Respectfully submitted,

*/s/Richard A. Freshwater*
Richard A. Freshwater (Ohio No. 0080762)*
THOMPSON HINE LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
T: 216.566.5764 / F: 216.566.5800
Richard.Freshwater@ThompsonHine.com

*Counsel for Defendant KeyBank, N.A.*
*admitted pro hac*

/s/ *Monica M. Littman*
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
PA Atty. ID Nos. 72883 & 94134
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA  19103-1628
(v) 215-893-9300; (f) 215-893-8719
rperr@finemanlawfirm.com
mlittman@finemanlawfirm.com

*Attorneys for Defendant Weltman, Weinberg &*
*Reis Co., L.P.A.*

Dated:  May 4, 2018

## CERTIFICATE OF SERVICE

I certify that on May 4, 2018, I served the attached document through e-mail upon the

following:

Stuart A. Eisenberg, Esq.
Carol B. McCullough, Esq.
McCullough Eisenberg, LLC
65 West Street Road, Suite A-105
Warminster, PA 18974
P: 215.957.6411 / F: 215.957.9140
mlawoffice@aol.com

*Counsel for Plaintiff*

Richard J. Perr, Esq.
Monica M. Littman, Esq.
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103-1628
rperr@finemanlawfirm.com
mlittman@finemanlawfirm.com

*Attorneys for Defendant Weltman, Weinberg &
Reis Co., L.P.A.*

/s/Richard A. Freshwater
Richard A. Freshwater

7